UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| LORETTA BOYD et al.<br><br>Plaintiffs<br><br>v.<br><br>COVENTRY HEALTH CARE, INC. et al.<br><br>Defendants | Civil Action No.: 8:09-cv-02661-AW |
| KAREN A. MILNER<br><br>Plaintiff<br><br>v.<br><br>COVENTRY HEALTH CARE, INC. et al.<br><br>Defendants | Civil Action No.: 8:09-cv-02850-AW |

PRETRIAL ORDER NO. 1
CONSOLIDATING THE ERISA ACTIONS AND APPOINTING
INTERIM CO-LEAD COUNSEL AND INTERIM LIAISON COUNSEL

WHEREAS, the above-captioned actions (collectively, the "ERISA Actions"), allege breaches of fiduciary duties by Coventry Health Care, Inc. and other fiduciaries of the Coventry Health Care, Inc. Retirement Savings Plan (the "Plan") in violation of the Employee Retirement Income Security Act of 1974 ("ERISA");

WHEREAS, the ERISA Actions involve common questions of law and fact; and

WHEREAS, the appointment of Interim Co-Lead Counsel and Liaison Counsel is appropriate and consistent with the recommendations of Fed R. Civ. P. 23(g) and 42(a), as well as the Manual for Complex Litigation (4th ed. 2004).

#1181998v.1

NOW, THEREFORE, THE COURT ORDERS as follows:

I.  **Consolidation Of Related Actions**

The ERISA Actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) (the "Consolidated Action"). They shall be referred to collectively as *In re Coventry Health Care, Inc. ERISA Litigation*, Master File No. 8:09-CV-02661 (AW).

II. **Caption Of Cases**

Every pleading filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
~~NORTHERN~~ SOUTHERN DIVISION
AW

| | |
|---|---|
| IN RE COVENTRY HEALTH CARE, INC. ERISA LITIGATION | MASTER FILE: 8:09-CV-02661 (AW) |
| THIS DOCUMENT RELATES TO: | |

When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

III. <u>Master Docket</u>

A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

IV. <u>Master File And Separate Action Files</u>

A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. 8:09-CV-02661 (AW). The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each action consolidated herein and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the actions consolidated herein.

#1181998v.1

V.  **Newly Filed Or Transferred Actions**

When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated as provided in Section I above and the Clerk of this Court shall:

(a)  File a copy of this Order in the separate file for such action;

(b)  Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(c)  Make the appropriate entry in the Master Docket.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

VI.  **Application Of This Order To Subsequent Cases**

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of participants in or beneficiaries of the Plan. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to

answer, plead or otherwise move with respect to that complaint.

### VIII. Appointment Of Interim Co-Lead Counsel And Liaison Counsel

The Court designates Harwood Feffer LLP and Gainey & McKenna to act as Interim Co-Lead Counsel and Tydings & Rosenberg LLP as Interim Liaison Counsel for the plaintiffs in the ERISA Actions and all subsequently filed, related actions consolidated herewith, with the responsibilities hereinafter described.

Interim Co-Lead Counsel, shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action:

    a) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

    b) appointing working committees (*e.g.*, "Discovery Committee") of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Interim Co-Lead Counsel on all litigation matters and the performance of such work assignments as are delegated to them by Interim Co-Lead Counsel;

    c) retaining experts;

    d) communicating with the Court;

    e) communicating with defense counsel;

    f) conducting settlement negotiations;

    g) collecting and reviewing time and expense records from all plaintiffs' counsel;

    h) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

    i) coordinating activities to avoid duplication and inefficiency in the filing,

#1181998v.1

serving and /or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through the Interim Co-Lead Counsel, and no work shall be performed by any other plaintiffs' counsel except at the express direction of the Interim Co-Lead Counsel.

Service of pleadings and other papers by defendants shall be made only upon Harwood Feffer LLP and Gainey & McKenna, who are authorized and directed to accept service on behalf of all plaintiffs in this Consolidated Action and any later actions consolidated herewith.

All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to Co-Lead Counsel.

Co-Lead Counsel is appointed Interim Co-Lead Counsel for the putative plaintiff class(es) pursuant to Rule 23(g) of the Federal Rules of Civil Procedure in the above-captioned cases.

IX.   **Scope Of Order**

The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims or defenses to any action.

XI.   **Preliminary Schedule Of Proceedings**

Proposed Interim Co-Lead Counsel and counsel for the defendants shall confer regarding the timing of plaintiffs' Consolidated Complaint and defendants' response thereto, including briefing of any motion(s) by any defendant(s) directed at the Consolidated Complaint. The parties shall submit a proposed schedule for the Court's approval.

The Consolidated Complaint shall be the operative complaint and shall supersede all

#1181998v.1

complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

The same counsel shall further confer and propose to the Court a mutually agreeable schedule for briefing on issues related to class certification.

Dated: ~~November __,~~ December 8th, 2009

_____
United States District Court Judge

Robert I. Harwood
Jeffrey M. Norton
Tanya Korkhov
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, New York 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630
E-mail: rharwood@hfesq.com
E-mail: jnorton@hfesq.com
E-mail: tkorkhov@hfesq.com

Thomas J. McKenna
**GAINEY & McKENNA**
295 Madison Avenue, 4th Floor
New York, New York 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
E-mail: tjmlaw2001@yahoo.com
E-mail: tjmckenna@gaineyandmckenna.com

*Proposed Interim Co-Lead Counsel for Plaintiffs*

John B. Isbister
Toyja E. Kelley
**TYDINGS & ROSENBERG LLP**
100 East Pratt Street
Baltimore, MD 21202
Telephone: (410) 752-9700
Facsimile: (410) 727-5460
E-mail: jisbister@tydingslaw.com
E-mail: tkelley@tydingslaw.com

*Proposed Interim Liaison Counsel for Plaintiffs*

#1181998v.1