```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| LORETTA BOYD, ET AL. | : |
|  | : |
| v. | : Civil Action No. DKC 09-2661 |
|  | : |
| COVENTRY HEALTH CARE INC., ET AL. | : |

**ORDER**

For the reasons set forth in the foregoing Memorandum Opinion, it is this 31st day of January, 2014, ORDERED that:

1. The Motion for Final Approval of the Class Action Settlement (ECF No. 84) BE, and the same hereby IS, GRANTED;

2. The Settlement Class defined below BE, and the same hereby IS, FINALLY CERTIFIED pursuant to Fed.R.Civ.P. 23(a) & 23(b)(1) for settlement purposes only, as a class action on behalf of the Settlement Class with respect to the claims asserted in the lawsuit;

3. The "Settlement Class" shall include all persons who were participants or beneficiaries of Coventry Health Care, Inc. (the "Company" or "Coventry") Retirement Savings Plan (the "Plan") and who held Company Stock at any time during the Class Period, defined as the time period between February 9, 2007 to October 22, 2008 (the "Class Period"), excluding any and all

Defendants and any of Defendants' legal representatives, heirs, predecessors, and assigns;

4.   The September 19, 2013 Stipulation of Settlement (ECF No. 77) (the "Settlement") BE, and the same hereby IS, APPROVED as fair, reasonable, and adequate within the meaning of Fed.R.Civ.P. 23(e).  The Settlement, filed on September 23, 2013, shall be consummated in accordance with the terms and provisions thereof, except as amended by this Order;

5.   The Plan's participation in the Settlement is on terms no less favorable than those of Plaintiffs and the Settlement Class and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.  The Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan and its participants and beneficiaries.  The negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b).  Further, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-349, 68 Fed. Reg. 75632 (2003);

6. The Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the September 19, 2013 Stipulation of Settlement, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts.  Such Notice provides valid, due and sufficient notice of the Fairness Hearing and of the other matters set forth therein, including the terms of the Stipulation and the Settlement, and such Notice has fully satisfied the requirements of Fed.R.Civ.P. 23(c) and the requirements of due process;

7. Defendants have fully complied, to the best extent possible, with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715;

8. The Plan of Allocation (ECF No. 77-4) BE, and the same hereby IS, APPROVED as fair, reasonable, and adequate within the meaning of Fed.R.Civ.P. 23(e).  The Plan of Allocation, filed on September 23, 2013, shall be consummated in accordance with the terms and provisions thereof;

9. As of the date of Final Settlement Approval, the Plaintiffs, the Settlement Class, and the Plan shall be deemed to have released any and all claims of any nature whatsoever (including, but not limited to, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of

fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief) against Defendants and the current or former officers, directors, employees, insurers, re-insurers, administrators, representatives, attorneys, affiliates, parent corporations, subsidiaries, predecessors, successors, committees, trustees, managers, fiduciaries, conservators, estates, legatees, assigns, or agents of any Defendant (the "Released Parties"), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown, in law or equity, brought by way of demand, complaint, cross-claim, counterclaim, third-party claim, or otherwise, arising out of any and all of the acts, omissions, facts, matters, transactions, or occurrences that are, were, or could have been alleged, asserted, or set forth in the Amended Complaint or the Litigation, or that are related in any way to any of the allegations or claims asserted in the Amended Complaint or the Litigation pertaining to the Class Period, including, but not limited to, claims that Defendants and/or any fiduciaries of the Plan breached ERISA fiduciary duties during the Class Period in connection with (a) the acquisition, maintaining, issuance, offering, and/or holding of Company Stock by the Plan or the Plan participants, (b) the appointment and/or monitoring of the Plan's fiduciaries with regard to Coventry or Company Stock, (c)

4

the provision of information to the Plan's fiduciaries or participants and beneficiaries of the Plan regarding Coventry or Company Stock, (d) the loyalty of the Plan's fiduciaries regarding Coventry or Company Stock; and/or (e) the failure to disclose any information (the "Released Claims").  The Released Claims do not include any claims at issue in *In re Coventry Healthcare, Inc. Securities Litigation*, 09-cv-02337-AW;

10.  As of the date of Final Settlement Approval, Defendants, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released the Plaintiff Released Parties from any and all claims relating to the institution or prosecution of the Litigation or the settlement of any Released Claims, except that this release shall not include any claims relating to the covenants or obligations set forth in the Settlement.  The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or that could have been asserted by Plaintiffs, the Settlement Class, and the Plan with respect to the Released Claims during the Class Period, and agree that, except as expressly set forth in the Settlement, each party shall bear his, her or its own costs and expenses, including attorneys' fees;

11. As of the date of Final Settlement Approval, all release provisions within the Settlement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action that could have been raised against Defendants during the Class Period.  Further, Plaintiffs assume for themselves and on behalf of the Settlement Class, and Defendants assume for themselves, the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any of the Parties' entry into the Settlement;

12. As of the date of Final Settlement Approval, Plaintiffs, the Settlement Class, and the Plan, and their respective heirs, executors, administrators, successors and assigns are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any claims related to the Litigation and from asserting, maintaining, or enforcing any actions in any court or other tribunal alleging any and all Released Claims against any and all Released Parties during the Class Period;

13. For purposes of this Order and all matters relating to the Settlement of this Action:

a. Loretta Boyd, Christopher Sawney, Karen Billig, Jack J. Nelson, and Karen Milner BE, and the same hereby ARE, FINALLY APPOINTED as Class Representatives;

b. The law firms of Harwood Feffer LLP and Gainey McKenna & Egleston, BE, and the same hereby ARE, FINALLY APPOINTED as co-class counsel for the Settlement Class;

9. Pursuant to Fed.R.Civ.P. 23(h), Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Case Contribution Awards (ECF No. 85) BE, and the same hereby IS, GRANTED IN PART, with the Settlement Fund to be allocated as follows:

    a. $1,000,000.00 in attorneys' fees.  No other fees may be awarded to Class Counsel in connection with the Settlement.  Class Counsel are authorized and directed to allocate and distribute the attorneys' fees among counsel in a manner that reflects Class Counsel's judgment as to each firm's contribution to the institution, prosecution, and settlement of the Litigation;

    b. $137,315.65 in litigation expenses.  No other costs or expenses may be awarded to counsel in connection with the Settlement;

    c. $5,000.00 as an incentive award to Plaintiff Loretta Boyd;

    d. $5,000.00 as an incentive award to Plaintiff Christopher Sawney;

e. $5,000.00 as an incentive award to Plaintiff Karen Billig;

f. $5,000.00 as an incentive award to Plaintiff Jack J. Nelson;

g. $5,000.00 as an incentive award to Plaintiff Karen Milner;

h. Plaintiffs Boyd, Sawney, Milner, Nelson, and Billig are also eligible for a share of the payment from the Settlement Fund as a member of the Settlement Class;

14. Payment and distribution of the Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45;

15. This action BE, and the same hereby IS, DISMISSED WITH PREJUDICE, although the court shall retain jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement and this Order; and

16. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties, and CLOSE this case.

                                            /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge